# UNITED STATES DISTRICT COURT
## Eastern District of Michigan

UNITED STATES OF AMERICA

V.

Brandon Phillip Wilkerson
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 14-30554-02

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
   ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
   ☐ an offense for which the maximum sentence is life imprisonment or death.
   ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
   ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense
   ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
   ☐ under 18 U.S.C. § 924(c).
☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

☑ (1) There is a serious risk that the defendant will not appear.
☑ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☑ clear and convincing evidence ☐ a preponderance of the evidence that

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| February 11, 2015 | s/ Mona K. Majzoub |
|---|---|
| Date | Signature of Judge |
| | U.S. Magistrate Judge |
| | Name and Title of Judge |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

Brandon Phillip Wilkerson Order of Detention

Defendant is charged by way of criminal complaint with Conspiracy to Interfere with Commerce by Robbery and Conspiracy to Transport Stolen Contraband Across State Lines. The Complaint names two additional defendants, Dajuan Cortez Marcellus and Davien Savon Thompson.

It is alleged that **October 24, 2014 at approximately 11:51 a.m.** Defendant and two other men all wearing hooded sweatshirts, gloves, and baseball hats entered **Reed's Jewelers located at 419 Cross Creek Mall in Fayetteville, North Carolina**, and smashed display cases with sledgehammers and grabbed 29 Rolex watches, valued at $361,000. The three men then fled the store with the stolen merchandise in hand, and jumped into a vehicle that was waiting for them. That vehicle was later determined to be stolen. The men then drove the stolen vehicle to the edge of the mall, abandoned the car, jumped a fence, ran to the All American Freeway and entered an awaiting red/maroon minivan. The three then traveled to a nearby mini-mart located at 19369 US Highway 301 where they met up with a black SUV. Two men exited the minivan and entered the black SUV where a fourth man was seated in the driver's seat. Then both the black SUV and the red minivan separated and drove away. Shortly thereafter, the Dillon South Carolina Police located the black SUV bearing Michigan license plate number DBB 2046. When the vehicle stopped for the police officers, the driver (co-Defendant Darien Savon Thompson) remained behind the wheel and the two other men fled on foot. All three men were soon arrested and Defendant Wilkerson was identified as one of the men who fled on foot. The other subject was identified as Dajuan Cortez Marcellus.

The black SUV was searched and 29 Rolex watches were recovered which were positively identified as the watches stolen from Reed's Jewelers in North Carolina earlier that day. The black SUV was determined to be an Enterprise Rental Car rented from Metro Airport in Detroit on October 18, 2014 by L.T. L.T. was contacted and stated that she gave the Chevy Tahoe to her niece, Britnei Rogers, and that co-Defendant Thompson was her grand nephew but had no idea why her car was in co-Defendant Thompson's possession in South Carolina. With investigators present, LT contacted Rogers who stated that she gave the Tahoe to Thompson, her cousin. FBI Agent Schuff then re-contacted Rogers who stated that she gave the Tahoe to Thompson the previous day (10/23/14) so he could bring his child to school, but that he never returned with the car.

In addition to the 10/24/2014 incident, investigation undertaken subsequent to the filing of the instant complaint strongly suggests that Defendant Wilkerson has been present and integrally involved in rash of similar robberies, both before and after the 10/24/14 incident described in this complaint.

Specifically on **June 23, 2014 at 8:24 p.m.** three black males entered **Little's Jewelry Store in** the Mall at Barnes Crossing in **Tupelo Mississippi** and robbed the store, taking 18 Rolex watches valued at $181,500. Video obtained from the store showed the suspects entering and smashing the display cases with blue handled Kobalt brand 4 pound hammers from Lowes. The hammers were dropped and left behind in the display cases while the watches were being removed. One of the suspects cut himself on the glass of one of the display cases, leaving DNA evidence behind.

Earlier that day (6/23/2014) at 6:00 pm a 1995 Jeep Cherokee vehicle was reported stolen at Best Buy. Three witnesses to the robbery at Little's Jewelry Store described the get away vehicle as a Jeep or Jeep Cherokee. The Jeep was later recovered by police officers parked behind Lowes on North Gloster. Several items of clothing were located inside the vehicle that were consistent with clothing worn by the suspects in the robbery. Blood evidence was recovered from the back seat and left rear door of the vehicle.

On the following day, June 24, 2014 the manager of the Hampton Inn and Suites on Carter Cove behind Lowes called the police to report that her cleaning staff had located what might possibly be evidence from the robbery. In one of the rooms were found Rolex tags and watch holders and in room 215 clothing was found. Room 215 was rented by "Brandon Stevenson", and the address given was 11329 Grayfield, Redford Township, Michigan, 48239. Video footage was obtained of two males checking into the hotel and four males leaving the hotel together. One of the males leaving the hotel had his right arm wrapped and bandaged. Defendant appears to be that man.

The Mississippi Crime Laboratory completed its preliminary examination and analysis of a blood sample received from the Tupelo Police Department on 6/27/2014, three days after the alleged robbery at Little's Jewelry Store. The preliminary findings were that a match occurred with the DNA sample and the Defendant Brandon Phillip Wilkerson. Follow up was recommended.

On 9/10/2014 one of the stolen watches was later found to be pawned by a Ms. Donetta Whitfield at Zeidman's Jewelry in Southfield, Michigan.

**On September 8, 2014 Jared's Jewelry Store located at 11724 W. Broad Street in the County of Henrico, VA was robbed by three black males who entered the store.** A witness who was working in the back room heard a loud noise and looked out and saw three black men

smashing one of the glass cases. Frightened for her safety, the witness decided to flee the store. In doing so she ran around the watch case that had just been smashed open, and made eye contact with one of the three men (Defendant Wilkerson, whom she later identified in a police photo lineup). While attempting to exit the store, she tried to stay low to the ground behind the watch counter but rose slightly to look over the counter, at which time Defendant Wilkerson looked over at her and their eyes met. Then Defendant Wilkerson moved up to the front door and fled the store, after which the witness also ran out of the store.

The alleged smash and grab robbery in Fayetteville, North Carolina, at Reed's Jewelry Store described in the Complaint, took place on October 24, 2014, just six weeks after the Jared's Jewelry Store robbery in Henrico, Virginia.

Defendant is a 24 year old single man whose parents divorced when he was 12 years old. His father remains single and lives in an apartment in Warren, Michigan, and his mother remarried and lives in Detroit. After his parents separated defendant remained with his mother until he was 18 years of age and maintained contact with his father. He went away to college at the age of 18 after graduating from Inkster High School in 2008. Defendant received a football scholarship and attended Scottsdale Community College in Scottsdale, Arizona, earning a 2 year associate's degree in liberal arts with a focus on criminal justice. The following semester he enrolled in the criminal justice program at Clark Atlanta University in Atlanta, Georgia. After one year he withdrew from the program and returned home to Michigan and enrolled at Eastern Michigan University where he continued his studies in criminal justice. When arrested, he withdrew from the program and has not pursued further education.

Defendant has no employment history, has no assets and his liabilities consist of $25,000 or so in school loans which he is not currently paying.

On November 5, 2014 Defendant was charged with Robbery With a Dangerous Weapon and Conspiracy to Commit Robbery with a Dangerous Weapon in Cumberland County, in the Eastern District of North Carolina. These charges relate to offenses that allegedly occurred on October 22, 2014 and appear to be related to the instant federal charges. On January 6, 2015 the state charges were dismissed as a result of the federal prosecution.

Pretrial Services, both in North Carolina and in the Eastern District of Michigan, have interviewed this Defendant and initially gave recommendations for bond with conditions based upon the allegation of a single armed robbery in Fayetteville, North Carolina, on 10/24/2014 as plead in the Complaint. Since the initial bond recommendations, incriminating information has come to light regarding other very similar robberies with dangerous weapons of commercial jewelry stores carried out both before and after the event of 10/24/2014 which point to

Defendant's involvement. This proffered information is referenced above in the events of June 23, 2014 and September 8, 2014. In addition, the government proffered circumstantial evidence which may tie Defendant to a fourth smash and grab robber in Omaha, Nebraska on 9/9/2014 where Defendant's co-Defendant, Dajuan Cortez Marcellus, has been identified.

When presented with the information proffered regarding the two additional jewelry store robberies of June 23, 2014 and September 8, 2014, both Pretrial Services Officers Leonard and Helms rescinded their recommendations for bond with conditions and amended their recommendations to detention, based upon danger to the community and risk of flight.

This Defendant has had an opportunity to attend college on a football scholarship, has obtained an associate's degree from Scottsdale, Arizona, then attended college in Atlanta, Georgia for a year, then returned to Michigan and was enrolled at Eastern Michigan University. He has no significant criminal record, and it appears that his only contact with law enforcement is an active warrant out of Arizona where he was charged with a misdemeanor for under aged drinking when he was a student there. For the past four years he has been living with his girlfriend. Then something happened and Defendant appears to have spent the last six months integrally involved in a scheme to hold up jewelry stores in at least three different states (possibly more) during their regular hours of business, putting employees and witnesses in fear for their lives, while amassing well over $500,000 in stolen property. He has been identified on video and by witnesses from a photo lineup. His blood has been preliminarily linked to one of the crime scenes in Tupelo, Mississippi. He has fled from the police, he has been involved in the theft of cars from their rightful owners used to carry out his multiple robbery schemes, and has used sledgehammers and other heavy tools to destroy and rob.

This Defendant did not slowly work his way up the ladder by dabbling in minor criminal activities, which then escalated in severity over time. Rather he consciously chose to embark not on one felony criminal robbery, but on a course of multiple brazen felony robberies, all in different states, using the same terrorizing method and means, some back to back, (assuming there is confirmation of his involvement in the Omaha Nebraska robbery where his co-Defendant Marcellus was positively identified in the company of other suspects). This shows a bold and very well organized enterprise, executed with determination by a young man who is neither afraid nor deterred while in the company of his co-defendants.

Defendant's father has offered himself as a third party custodian. Defendant has not lived with his father in 12 years, and there is no indication whatsoever that Defendant would comply with any conditions of bond that this court would set.

After analyzing the relevant factors in 18 USC 3142 this court finds that a preponderance of the evidence establishes Defendant as a flight risk and that there is clear and convincing evidence that Defendant poses a danger to the community. There is no condition or combination of conditions that would assure Defendant's appearance or the safety of the community. Detention is therefore Ordered.